CHESTER SPENCER *v.* F. E. WOODBRIDGE, BENJAMIN E. BATES AND J. GOULD.

*Book Account. Interest.*

The plaintiff worked for the defendants at a fixed monthly salary for over three years, but did not present his bill for payment to them until a short time previous to bringing this suit, although he at different times called for money which was not paid; nor did the defendants ever ask for a bill or make any effort to pay the debt, though aware of its existence. *Held,* that as the parties should settle as often at least as once each year, interest should properly be allowed upon the annual balances.

It is not necessary that the presentation of a bill or a demand of payment should be made in order to give a right to recover interest upon a balance of book accounts.

BOOK ACCOUNT. The auditor reported that the plaintiff worked for the defendants, who were trustees of the Rutland and Washington Railroad Company, at a fixed monthly salary, from August 1st, 1861, to August 22d, 1864—three years and twenty-two days. The auditor disallowed interest upon the above account for the reason that the plaintiff did not present his bill to the defendants for payment, until a short time previous to bringing this suit,—to which the plaintiff excepted. The court at the September Term, 1865,

KELLOGG, J., presiding, decided that the plaintiff was entitled to recover interest against the defendants, to be computed upon the yearly balances of the account, as found by making annual rests,— to which decision the defendants excepted.

*Prout & Dunton*, for the defendants, maintained that interest is recoverable on the amount which may be found due, only from the time a demand of payment was made for the sum in arrear. A demand is *necessary* to charge the defendant Woodbridge with interest. This demand was made only when the plaintiff "presented his bill."

*C. M. Willard* and *Daniel Roberts*, for the plaintiff.

The rule of computation of interest adopted by the county court was correct, viz: by making yearly rests. This is settled by *Langdon* v. *Castleton*, 30 Vt. 285. In this case, the auditor has found that the plaintiff had called for his money from time to time, which was not paid. In this respect, the case is stronger for the allowance of interest than *Langdon* v. *Castleton*.

The opinion of the court was delivered by

STEELE, J. A question arises in this case upon the allowance of interest. The rule in Vermont allows interest upon running book accounts unless there is an express or implied contract to the contrary, or some attending circumstance which makes it clearly inequitable. As the parties should settle as often at least as once a year, interest will be allowed on the annual balances due unless there is some special reason to make the case exceptional. This was held in *Langdon* v: *Castleton*, 30 Vt. 295.

The ground upon which this case is claimed to be exceptional is that "the plaintiff did not present his bill for payment to the defendants until a short time previous to the beginning of this suit, although he at different times called for money which was not paid."

The plaintiff was working at a fixed monthly salary. The defendants are not said to have been unaware of the debt, or even ignorant of the amount of it. They do not appear to have asked for a bill, or to have made any effort to pay the debt. They even failed to pay a part when asked. If it is neglect for the creditor not to present his bill, it certainly can be no less for the debtor to wait until it is presented.

It has never been held that the presentation of a bill and a de-

mand of payment necessarily precede a right to recover interest upon a balance of book accounts.

We think this case falls within the general class and the allowance of interest by the county court in accordance with the rule above stated was correct,—and it is affirmed.